UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYLVESTER CHOTILAL,

Petitioner,

v. Case No.: 2:26-cv-02838-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

_______________________________________/

**OPINION AND ORDER**

Before the Court are Sylvester Chotilal's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Chotilal is a native and citizen of Trinidad and Tobago who entered the United States with a B2 visa in August 2005. He is the primary financial provider for his U.S. citizen wife and three U.S. citizen children. On August 24, 2025, local police arrested Chotilal for driving under the influence of alcohol. Immigration and Customs Enforcement (ICE) issued an immigration detainer and took custody of Chotilal two days later. Immigration Judge Scott Alexander conducted a custody redetermination hearing on November 21, 2025. He found Chotilal failed to establish that he does not present a danger to the community and denied bond. Immigration Judge Jennifer Mazza denied Chotilal's request for a second custody redetermination hearing because there

was no material change in circumstances. Immigration Judge Liviu Lungu ordered Chotilal removed to Trinidad and Tobago on September 1, 2026. Chotilal appealed, so the removal order is not administratively final.

Chotilal argues his continued, prolonged detention violates the Due Process Clause of the Fifth Amendment. In response, the government argues 8 U.S.C. § 1226(e) bars the Court from reviewing an immigration judge's discretionary bond decision. The Court agrees to the extent Chotilal asks it to review Judge Alexander's and Judge Mazza's discretionary decisions to deny release on bond. But Chotilal also raises a bona fide due process claim. § 1226(e) does not strip the Court of jurisdiction to consider bona fide constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510 (2003).

The Court turns to Chotilal's due process claim. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Chotilal's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Chotilal's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the

'reasonably foreseeable future' conversely would have to shrink"). The fact that Chotilal's detention now exceeds fourteen months and could continue indefinitely—the record contains no timetable for a decision from the Board of Immigration Appeals—raises new constitutional concerns. But under the status quo, Chotilal has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Chotilal without presenting a justification. Remember: Judge Alexander put the burden on Chotilal to prove he is not a danger to the community, and Judge Mazza denied the second request based on a lack of change in circumstances. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Chotilal before an immigration judge for another bond hearing within ten days or release him

under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Chotilal receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Sylvester Chotilal's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Chotilal for an individualized bond hearing before an immigration judge or (2) release Chotilal under reasonable conditions of supervision. If the respondents release Chotilal, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida, on November 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record